St. John's Episcopal Church, Also Known as All Angels Church, Appellant, v John C. Cochrane, as Treasurer of Suffolk County, et al., Respondents, and Alexandros Demetriades, Defendant and Third-Party Plaintiff-Respondent. County of Suffolk, Third-Party Defendant-Respondent. [718 NYS2d 877] —In an action, *inter alia*, to set aside a tax deed, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered November 23, 1999, as denied its motion for summary judgment, granted the separate cross motions of the defendant John C. Cochrane, Treasurer of Suffolk County, and the defendant third-party plaintiff, Alexandros Demetriades, which were for summary judgment dismissing the complaint insofar as asserted against them, and, upon searching the record, granted summary judgment in favor of the defendant Town of Southampton dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff claims to have owned certain real property lo-

cated in the Town of Southampton. The County of Suffolk acquired the property by tax deed filed August 8, 1995, and subsequently sold the property to the defendant third-party plaintiff Alexandros Demetriades. In this action, the plaintiff seeks to set aside the tax deed and the deed transferring the property to Demetriades, claiming, *inter alia*, that it was deprived of due process of law as it was not properly notified of the real property tax assessment, the tax lien, and the sale which resulted in the transfer of the property. The Supreme Court granted summary judgment to the defendants, dismissing the complaint as time-barred. We affirm, but for a different reason.

The plaintiff failed to establish that it was the owner of the property. When the taxes were assessed, the record titleholder of the property was The Church of All Angels (hereinafter All Angels), and notices were provided to All Angels. The plaintiff contends that it acquired title to the property when it merged with All Angels in 1929 and that it should have received the various notices. However, the plaintiff failed to submit proof sufficient to demonstrate that a merger was effectuated in compliance with Religious Corporations Law § 13. Since the plaintiff did not establish an ownership interest in the property, its due process rights were not violated (*see, Matter of McCann v Scaduto,* 71 NY2d 164, 172).

In light of our determination, it is unnecessary to address the plaintiff's remaining contentions. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.